IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERVIN DAVIS,                            :
                                        :
       Petitioner,                      :       CIVIL ACTION NO. 04-2063
                                        :
       v.                               :
                                        :
LOUIS FOLINO, et al.,                   :
                                        :
       Respondents.                     :

### MEMORANDUM

BUCKWALTER, S.J.                                               August 23, 2005

       Ervin Davis ("Petitioner"), a state prisoner incarcerated at SCI-Greene, has filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 alleging a panoply of constitutional violations during his trial and the appellate process. The petition was referred to Magistrate Judge Arnold C. Rapoport for a Report and Recommendation under 28 U.S.C. § 636(b)(1). Judge Rapoport recommended that the petition be denied and dismissed as untimely. For the reasons that follow, the Court will adopt the Report and Recommendation of the Magistrate Judge.

### I. DISCUSSION

       Petitioner's claims are time-barred by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a prisoner has one year from the date his conviction becomes final to file a timely petition for *habeas* relief. 28 U.S.C. § 2244(d). Petitioner's convictions became final on September 9, 1998, upon expiration of his allowable time for filing a timely petition for allowance of appeal with the Supreme Court of

Pennsylvania.  Petitioner had until September 9, 1999, to file a petition in this Court pursuant to AEDPA.  The instant petition was signed on May 13, 2004, four years after the statute of limitations expired.  Petitioner's claims are thus time-barred.

Petitioner contends that the AEDPA statute of limitations should be equitably tolled since his direct appeal counsel did not file an allowance of appeal with the Pennsylvania Supreme Court.  (Pl's. Objections at 6-15.)  The Third Circuit has held that:

> Equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair,"...such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims... Mere excusable neglect is not sufficient.

Lacava v. Kyler, 398 F.3d 271, 2005 U.S. App. LEXIS 2240, 2005 WL 326832, at *3 (3d Cir. 2005) (citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998).

In the form of objections to the Report and Recommendation, Petitioner offers two bases for equitable tolling in this case:  (1) Petitioner's appellate counsel, Leonard Biddison ("Attorney Biddison"), did not file an allowance for appeal with the Pennsylvania Supreme Court; and (2) Petitioner was placed in restrictive housing and thereby denied access to legal materials and information pertaining to his case by prison officials during the statute of limitations period.  Each objection will be addressed in turn.

Petitioner asserts his *Habeas Corpus* petition should be equitably tolled because his appellate counsel, Attorney Biddison, ceased to respond to his correspondence and failed to file an allowance of appeal with the Pennsylvania Supreme Court.  (Pl.'s Objections at 3-7.) Petitioner's assertions, however, are contradicted by the record.  On August 10, 1998, Attorney

Biddison mailed Petitioner a copy of the August 7, 1998 Superior Court opinion affirming the judgment of sentence and a letter stating, "[a]fter your review of the enclosed [opinion], please contact me by telephone. As I have stated before, you are free to call my office collect." See Resp., Ex. C, Ex. E; 8/10/98 Letter from Pet. to Biddison.

Petitioner alleges that on November 28, 1998, he sent a letter to Attorney Biddison, requesting that Biddison file an *allocatur* petition on his behalf. Attorney Biddison alleges he never received such letter. See Resp., Ex. C, Ex. B; 9/15/99 Letter from Biddison to Pet. ("Please be advised that I have not received a letter from you dated November 28, 1998.) On August 15, 1999, Petitioner sent another letter to Attorney Biddison, requesting information about the status of Petitioner's appeal to the Pennsylvania Supreme Court. On September 15, 1999, Attorney Biddison responded to the Petitioner's letter, stating that he never received a request from the Petitioner or others on Petitioner's behalf to appeal to the Supreme Court, and thus he had not filed an appeal. Attorney Biddison specifically requested that Petitioner, or anyone on Petitioner's behalf, contact him via telephone or mail to discuss the issues raised in Petitioner's August 15, 1999 letter.

On October 15, 1999, Petitioner sent more correspondence to Attorney Biddison inquiring, once more, about the status of his appeal to the Supreme Court. See Resp., Ex. C, Ex. G; 10/15/99 Letter from Pet. to Biddison. Petitioner also stated that his mother would contact Attorney Biddison on his behalf. After October 15, 1999, there is no evidence in the record of any contact between Petitioner and Attorney Biddison.

In examining the arguments raised and the record in support of the instant petition, the evidence collectively demonstrates that Petitioner failed to exercise the diligence

necessary to warrant application of the doctrine of equitable tolling. First, Petitioner did not make any personal contact with any state court beyond the trial court. Second, "Petitioner did not contact Attorney Biddison as counsel asked repeatedly, but instead wrote letters to counsel, ignoring counsel's preferred method of telephone contact, and attempting to shift the duty of making contact from himself to counsel." (REPORT AND RECOMMENDATION at 15.) Finally, Petitioner failed to allege any steps he took to timely file the instant federal *habeas* petition. This Court therefore finds that Petitioner's equitable tolling argument, on the basis that his appellate counsel was ineffective, fails.

Petitioner also asserts that this case involves extraordinary circumstances warranting tolling of the AEDPA one-year statute of limitation because from August 31, 1998 through April 9, 1999, and from May 3, 1999 through November 3, 1999, he was held in restrictive housing and thereby denied access to the law library, telephone, legal advisers, and/or any of his personal legal materials. See Pet.'s Mem. Law at 2. Even accepting Petitioner's assertion as true, the Court concludes that Petitioner has failed to demonstrate that he acted with reasonable diligence in investigating and bringing his claim. First, Petitioner was released from the Restricted Housing Unit ("RHU") on November 3, 1999, and waited an additional six months to file his PCRA petition on May 1, 2000. See McKeithan v. Varner, 108 Fed. Appx. 55, 59 (3d Cir. 2004) (finding no basis for equitable tolling where a *habeas* petitioner alleged restricted access to legal materials but failed to explain his lack of diligence during the period when he was not in restrictive housing). Second, there is no evidence that Petitioner attempted to contact Attorney Biddison following his release from the RHU on November 3, 1999. Third, the authorities at SCI-Houtzdale and SCI-Greene informed that, in 1998 and 1999, inmates housed in

the Restricted Housing Unit did, in fact, have access to a law library. (Resp. at 5.) Finally, the Petitioner opted not to file a timely petition and then amend it once he had access to his materials as the law would have allowed him to do. See United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). This Court finds that Petitioner did not act in a diligent manner because he took no action to preserve his rights. Accordingly, there is no basis for equitable tolling in this case. This petition is thus time-barred, and shall be denied with prejudice and dismissed without an evidentiary hearing.

## II.  CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate Judge's Report and Recommendation. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERVIN DAVIS, | : | |
| Petitioner, | : | CIVIL ACTION NO. 04-2063 |
| v. | : | |
| LOUIS FOLINO, et al., | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 23rd day of August, 2005, upon consideration of Petitioner's Writ of *Habeas Corpus* (Docket No. 1), Petitioner's Memorandum of Law (Docket Nos. 3 and 10), the Response to the Petition for Writ of *Habeas Corpus* (Docket Nos. 11 and 12), the Reply to the Respondent's Brief (Docket No. 13), the Report and Recommendation of Judge Arnold C. Rapoport (Docket No. 14), and Petitioner's Objections thereto (Docket No. 15), it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. The Petition for Writ of *Habeas Corpus* is **DENIED** and **DISMISSED**.

Since Petitioner has failed to make a substantial showing of the denial of any constitutional right, a certificate of appealability will not be issued.

This case is **CLOSED.**

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.